IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00494-DDD-TPO

ALFREDO P. GONZALEZ,

Plaintiff,

v.

HECTOR ESCALANTE,
Deputy Sherrif, Weld County Sheriff's Office,

Defendant.

---

**RECOMMENDATION**

---

**Timothy P. O'Hara, United States Magistrate Judge.**

This matter is before the Court to address Defendant's Motion to Dismiss for Failure to Prosecute [ECF 40]. Noting that Plaintiff did not respond to the Motion and having conducted its own independent review of the record, this Court recommends that the Motion [ECF 40] be **granted** and that this case be **dismissed with prejudice**.

## BACKGROUND

In its Order to Show Cause [ECF 35] this Court discussed Plaintiff's refusal to participate in court proceedings and his failure to update his mailing address. ECF 35 at 2-3. This Court therefore ordered Plaintiff to show cause why this civil action should not be dismissed with prejudice. *Id*. at 5. This Court specifically advised Plaintiff that if he did not respond to the Order to Show Cause by the stated deadline of June 30, 2025, then "his case may be dismissed without further notice." *Id*.

On July 7, 2025, the Clerk's Office received Plaintiff's response. ECF 37. Plaintiff explained he missed his last court date because he was "out on a writ to Weld County Court." *Id*. Plaintiff added that he "also was not aware of the new status conference due to be[ing] out on writs to Weld County Courts." *Id*. Plaintiff also stated that he wanted to proceed forward with his case. *Id*. On July 21, 2025, Plaintiff informed the Court of his new address at the Weld County Jail. ECF 38.

Plaintiff's proffered explanation for failing to appear for two court hearings is inconsistent with the Court's own records. At the March 19, 2025 Status Conference, a representative of the Colorado Department of Corrections (CDOC) informed the Court that Plaintiff refused to appear. *See* ECF 31. That demonstrates that Plaintiff was present and available at the facility but chose not to participate. The same happened at the May 29, 2025 Status Conference. *See* ECF 33 (CDOC representative informed the Court that the facility was able to allow Plaintiff access for the hearing but Plaintiff refused to appear).

On December 29, 2025, Defendant filed his Motion to Dismiss for Failure to Prosecute. ECF 40. Defendant submits a record to show that Plaintiff actually was in Colorado Department of Corrections (CDOC) custody on the days when Plaintiff says he was in transit. *Id*. Plaintiff failed to respond, even after the Court ordered a response. *See* ECF 42.

## GOVERNING STANDARD

The Order to Show Cause explained why the Court considered Plaintiff to be non-compliant with his litigation obligations. ECF 35 at 4. It also informed him of the governing standards. *Id.* at 3-4. More specifically, this Court informed Plaintiff that Fed. R. Civ. P. 41(b) and D.C.COLO.LCivR 41.1 permit it to dismiss a civil action for non-compliance with a court order

or for the failure to prosecute.[1] *Id*. This Court cited the factors that the Tenth Circuit set out in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992) to guide the determination of whether to dismiss a civil action under Rule 41(b) including dismissal with prejudice:

1. "the degree of actual prejudice to the defendant,"
2. "the amount of interference with the judicial process,"
3. "the culpability of the litigant,"
4. "whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance," and
5. "the efficacy of lesser sanctions."

*Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 860 (10th Cir. 2018) (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)). *See also Meade v. Grubbs*, 841 F.2d 1512 (10th Cir. 1988) (explaining how a clear record of delay and contumacious conduct warrants the sanction of dismissal). These factors are not meant as a rigid test but rather they represent criteria for the court to consider prior to imposing dismissal as a sanction. *Ehrenhaus*, 965 F.2d at 921. Plaintiff's pro se status does not exempt him from the obligation to comply with the Court's orders and the rules of procedure the same as any other litigant. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## DISCUSSION

Using the *Ehrenhaus* factors as a guide, this Court recommends dismissal.

The Court first finds that Plaintiff's non-compliance has prejudiced the Defendant. Defendant has taken actions to defend himself against this lawsuit, and he incurred the expense of appearing at two status conferences. Next, the Court finds that Plaintiff's failure to participate in

[1] Defendant likewise bases his Motion to Dismiss on Fed. R. Civ. P. 41(b) and D.C.COLO.LCivR 41.1. ECF 40 at 4-5.

his own lawsuit also interfered with the judicial process. Not only did his non-appearance prevent the litigation from moving forward, but he did not appear despite the Court's own efforts to secure his participation at the status conferences. A litigant's refusal to participate in his own lawsuit increases the Court's workload and results in the loss of time that could have been spent on other cases. *See Peters v. Bank of America*, No. 10-cv-01382-WJM-MJW, 2011 WL 1045297, at *3 (D. Colo. Mar. 21, 2011).

This Court also finds sufficient culpability by Plaintiff to warrant dismissal. Although Plaintiff did respond to the Order to Show Cause, ECF 37, Defendant disputes Plaintiff's explanation as factually incorrect.[2] ECF 40. Plaintiff's explanation fails to rebut the court record, which suggests that Plaintiff was available for court hearings but chose not to attend. And now Plaintiff has failed to follow an additional Order of the Court [ECF 42] by failing to respond to Defendant's Motion to Dismiss. By not responding to Defendant's Motion, Plaintiff left Defendant's assertion unrefuted and his Motion unopposed.

Therefore, the Court recommends dismissal. Due to Plaintiff's sustained lack of compliance, after repeated attempts by the Court to encourage compliance, dismissal is the most appropriate course of action. At this point, with Plaintiff having been largely non-responsive for nearly 18 months, and with multiple failures to follow court orders over that period, no other lesser sanction would be appropriate. *See Thomas v. Ortiz*, No. 07-CV-00400-WDM-KLM, 2008 WL 501414, at *2 (D. Colo. Feb. 20, 2008) (pro se plaintiff's failure to appear at two court hearings and failure to update address justified dismissal); *McKenzie v. City and County of Denver*, No. 21-cv-00833-PAB-STV, 2024 WL 3626442, at *3 (D. Colo. Apr. 9, 2024) (recommending dismissal);

[2] This Court notes that Defendant's evidence demonstrating Plaintiff was in the CDOC, and not out on a writ, is consistent with the Court's record from the two Status Conferences. *See* ECFs 31 and 33.

*Zeng v. Hewlett-Packard Co*., No. 04CV01910-LTB-CBS, 2006 WL 753212, at *5 (D. Colo. Mar. 22, 2006) (same).

## CONCLUSION

Accordingly, the Court respectfully recommends[3] that this case be **dismissed with prejudice** pursuant to Fed. R. Civ. P. 41(b) and D.C.COLO.LCivR 41.1 for the failure to prosecute.

This Court recommends that Defendant's Motion to Dismiss [ECF 40] be **granted**.

Lastly, this Court recommends that this case be **closed**.

[3] This Court hereby advises the Parties of the general requirements for objecting to a recommendation. First, an objection must be timely. The Parties have **fourteen days from the date of this Recommendation** to file any written objection to any findings that it may make or any recommendation that it may propose. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). The failure to make a timely objection may bar *de novo* review by the District Judge, and it may result in a waiver of the right to appeal any factual and legal determinations from a judgment of the District Judge that is based on the Recommendation. *See Meier v. Aspen Acad.*, No. 24-1372, 2025 WL 2555832, at *1 (10th Cir. Sept. 5, 2025) (explaining the "firm waiver rule"); *see also Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). Second, an objection must be specific. A general objection that does not put the District Judge on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review). Third, the Parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.

DATED at Denver, Colorado, this 10th day of August, 2026.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge